DRAPER (BAKER v.). See Case No. 766.

---

## Case No. 4,068.

### DRAPER v. BISSEL et al.

[3 McLean, 275.] [1]

Circuit Court, D. Michigan. Oct. Term, 1843.

PARTNERSHIP—POWER OF PARTNER TO BIND FIRM AFTER DISSOLUTION—RATIFICATION.

1. After the dissolution of the partnership, one partner has no power to bind the late firm by giving a note for a partnership debt. But where one partner is authorised by the advertisement, giving notice of the dissolution, that he is authorised to settle all accounts, for and against the firm, it is bound by his settlements, though he may not be authorised to give a new instrument for the payment of the amount. In England the rule is different.

2. Where notes are given by one partner, under the above circumstances, and subsequently the other partner promises to pay the notes, it is a ratification of the power.

Bates & Joy, for plaintiff.
Mr. Hand, for defendants.

OPINION OF THE COURT. This action is brought on three promissory notes, signed by the defendants, as partners, for the sum of twenty-six hundred dollars. They were made payable to Goddard, and by him were indorsed to the plaintiff. Bissel, one of the defendants, having taken the benefit of the bankrupt act, was sworn as a witness, and he stated that the notes were executed by him, the day after the partnership was dissolved, under a public notice of the dissolution, and that "he was authorised to settle all demands for and against the late firm."

It is a well established principle in the supreme court, and indeed generally, by the courts in this country, that after the dissolution of the partnership, neither partner can, by any note or bill, bind the firm for a partnership debt, though the rule seems to be different in England. And I am not prepared to say that the English decisions on this point are not better sustained on princi-

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

ple, than the American. Bispham v. Patterson [Case No. 1,441]. But in this case it is insisted that Comstock is bound, by the authority given to Bissel in the advertisement; and also by an express recognition of the validity of the notes. Bissel was authorised to settle all demands for and against the late firm, and it would seem that this was a clear authority to bind his late partner by a settlement, if it did not authorise him to give notes binding the late firm for the balances due by it. But, however this may be, we can entertain no doubt that Comstock ratified the power of Bissel by agreeing to pay the notes, &c.

Verdict for the plaintiff and judgment.